## McLEAN v. McLEAN et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. PARTITION—TITLE TO MAINTAIN.

  Where a testator, after making various bequests, gives all the residue of his estate to his executors, to hold as trustees, and apply the half income thereof to each of his two sons during their lives, such sons have no legal title to the estate, and cannot maintain an action for partition of the land.

2. EXPRESS TRUSTS—TO RECEIVE RENTS AND PROFITS.

  The trust was one of the express trusts authorized by 1 Rev. St. p. 728, § 55, providing that express trusts may be created for the purpose of receiving the rents and profits of lands, and applying them to the use of any person during his life.

Appeal from special term, Westchester county.

Action by Cornelius McLean against George H. McLean and others for the partition of real property. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Norman A. Lawlor, for appellant.

Hand, Bonney, Pell & Jones, (Clifford A. Hand, of counsel,) for respondents.

BARNARD, P. J. James McLean died in 1890, leaving a last will. By this will, after giving certain money legacies to one of his sons and to John Ordig and to James L. Wallace, and after creating a trust for a grandchild for $5,000, he gave all the remainder of his estate, real and personal, to his executors. The executors were to retain the estate as trustees, and to apply the half income thereof to each of his two sons, Cornelius and George H. McLean, during his natural life. At the end of the life estate of each, the one half of the estate was to be paid over to the then living issue. There was a power of appointment given each son to will a certain portion of his share of the estate. The two sons survived the testator. The plaintiff brought this action for a partition of the real property of deceased. The answer of the other son sets up the will, and it was proven in the case. The plaintiff has no legal title in the estate. He is simply a beneficiary for life in one half thereof, the legal title being in the executors. The trust was one of the express trusts authorized by statute. 1 Rev. St. p. 728, § 55.[1] The complaint was properly dismissed, and the judgment should be affirmed, with costs.

[1] 1 Rev. St. p. 728, § 55, provides: "Express trusts may be created for any or either of the following purposes: * * * (3) To receive the rents and profits of lands, and apply them to the use of any person, during the life of such person, or for any shorter term, subject to the rules prescribed in the first article of this title."